Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8147 | **DATE** | May 28, 2002 |
| **CASE TITLE** | DeBartolo v. Plano Molding Co., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Motion to Dismiss

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons stated in the attached memorandum and opinion order, this Court GRANTS Defendant Plano Molding Co.'s motion to dismiss [15-1].

(11) ■ [For further detail see attached memorandum and opinion order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 number of notices | Document Number |
| | No notices required. | | | |
| X | Notices mailed by judge's staff. | | MAY 2 9 2002 date docketed | 40 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 5-28-02 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| mds(lc) | courtroom deputy's initials | | Par6 mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DR. HANSEL M. DeBARTOLO, JR., | ) |
| | ) No. 01 C 8147 |
| Plaintiff, | ) |
| | ) HONORABLE DAVID H. COAR |
| v. | ) |
| | ) |
| PLANO MOLDING CO., THE PLANO | ) |
| MOLDING COMPANY HEALTH CARE | ) |
| PLAN, THE DIOCESE OF JOLIET, and | ) |
| THE DIOCESE OF JOLIET MEDICAL | ) |
| PLAN, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Dr. Hansel M. DeBartolo, Jr. ("DeBartolo") sues, among other defendants, Plano Molding Company and Plano Molding Company Health Care Plan ("Defendants") for recovery of benefits pursuant to the Employee Retirement Security Act ("ERISA"). Defendants move to dismiss DeBartolo's Amended Complaint, arguing (1) his ERISA claim is untimely, (2) DeBartolo lacks standing to sue as an assignee because of an anti-assignment clause in the Plan; (3) DeBartolo failed to exhaust his administrative remedies under the Plan; and (4) that, at a minimum, the Company should be dismissed from Count I because the Plan is the only proper defendant. This Court addresses each argument in turn.

*Timeliness of ERISA Claim*

While ERISA does not prescribe a statute of limitations for suits to recover benefits, the Seventh Circuit has held that limitations periods contained in benefits plans are enforceable in

-1-



ERISA suits so long as they are reasonable. Doe v. Blue Cross & Blue Shield United of Wisconsin, 112 F.3d 869, 875 (7th Cir. 1997). Plano's Plan provided that "[n]o action by the employee shall be brought at all unless brought within three years from the expiration of the time within which proof of loss is required." It further provided that "written proof of . . . loss" must be made "on or before the last day of the twelve month period following the date on which the claim is incurred." DeBartolo's alleged loss occurred on July 11, 1998, and he filed this action on July 14, 2001.[1] Defendants argue that DeBartolo had until July 11, 2001 to bring his claim (three years from the date DeBartolo alleged proof of loss occurred) and DeBartolo argues he had until July 10, 2002 to bring his claim (three years after he would have been required to provide "proof of loss"). Because the phrase "from the expiration of time within which proof of loss is required" is ambiguous, this Court interprets the language against the drafter, C & L Enters., Inc. v. Citizen Band of Potawatomi Indian Tribe of Ok., 532 U.S. 411, 423 (2001), and finds DeBartolo's action is timely.

*Anti-Assignment Clause*

The Seventh Circuit has held that "[o]nly if the language of the plan is so clear that any claim as an assignee must be frivolous is jurisdiction lacking." Kennedy v. Conn. Gen. Life Ins. Co., 924 F.2d 698, 700 (7th Cir. 1991). Further, the possibility of direct payment in a health benefits plan is enough to establish subject-matter jurisdiction, notwithstanding an anti-assignment clause. Id. at 701; see also Hosp. Group of Ill. v. Comm. Mut. Ins. Co., No. 94 C

---

[1] There is some confusion as to the date DeBartolo filed his original complaint. Some of the briefs submitted to the Court assert the original filing date was September 14, 2001. This is of no moment, however, because either date falls well within this Court's interpretation of the limitations period.

1351, 1994 WL 714598, at *2 (N.D. Ill. Dec. 21, 1994). The Plan in this case provides in pertinent part: "[n]o covered person shall have the right . . . to assign . . . any payments under the plan. . . . Any covered person, however, may authorize the Company to pay benefits under the plan directly to the person or organization on whose charges a claim is based." Because the Plan allows for direct payment, DeBartolo's claim as an assignee cannot be deemed "frivolous" and he therefore has standing to bring this claim.

*Failure to Exhaust Administrative Remedies*

Under ERISA, exhaustion of administrative remedies is not an element of the plaintiff's claim for benefits, rather it is an affirmative defense. Shaw v. Doherty Empl. Group, 2001 WL 290376, at *1 (S.D. Ind. Feb. 7, 2001) (citations omitted); see also Gallegos v. Mt. Sinai Med. Ctr., 210 F.3d 803, 807 (7th Cir. 2000). Thus, a plaintiff will survive a motion to dismiss so long as he does not allege facts from which it is clear that he has failed to exhaust administrative remedies. Med. Alliances, LLC v. Am. Med. Security, 144 F. Supp. 2d 979, 982-83 (N.D. Ill. 2001); Adamczyk v. Lever Bros. Co., 991 F. Supp. 931, 934 (N.D. Ill. 1997).

In Medical Alliances, the court held that a plaintiff who alleged that he had "made numerous demands for payment from the Defendant . . . and the Defendant has refused and continues to refuse to pay the plaintiff as required" raised the issue of exhaustion of remedies and was required, therefore, to plead that he had exhausted all such remedies. Id. at 982-83. The court dismissed the plaintiff's complaint for failure to allege exhaustion of remedies. Id. The Plan in this case clearly contains provisions for administrative review, but DeBartolo argues that his Amended Complaint should not be dismissed because he did *not* allege exhaustion and pleading exhaustion is not required. Like the plaintiff in Medical Alliances, DeBartolo alleges

"the Plano Defendants have failed and refused to pay the balance of such benefits to Plaintiff," which, contrary to DeBartolo's argument, is enough to have raised the issue of exhaustion. Thus, because DeBartolo neither has alleged complete exhaustion, nor has he alleged he should be excused from exhaustion, see Gallegos, 210 F.3d at 808, this Court dismisses DeBartolo's Amended Complaint for failure to exhaust. This dismissal is without prejudice, however, because it may be possible for DeBartolo to cure his deficiencies.[2]

**Enter:**

*David H. Coar*
David H. Coar
**United States District Judge**

Dated: May 28, 2002

---

[2] Defendants' final argument in their motion to dismiss is that the Company should be dismissed from Count I because the Plan is the only proper defendant. Even though this Court dismisses DeBartolo's Amended Complaint in its entirety for failure to exhaust, it notes that it is not *per se* improper to sue the employer in an ERISA action. See Mein v. Carus Corp., 241 F.3d 581, 585 (7th Cir. 2001) (stating "[w]hile it is silly not to name the plan as a party in an ERISA suit, we see no more reason to have this case stand starkly for the proposition that the plan is always the only proper defendant as did *Riordan*") (referring to Riordan v. Com. Ed. Co., 128 F.3d 549 (7th Cir. 1997)).