Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8147 | **DATE** | July 26, 2002 |
| **CASE TITLE** | DeBartolo v. Plano Molding Co., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' Motion to Vacate Default Judgment

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum and Opinion Order, this Court GRANTS Defendants' motion to vacate the default judgment entered [42-1] and dismisses this action against them. Each party is to bear its own costs.

(11) ■ [For further detail see attached Memorandum and Opinion Order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | JUL 29 2002 date docketed |
| X | Docketing to mail notices. | |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| mds(lc) | courtroom deputy's initials | 02 JUL 26 PM 6:39 date mailed notice |
| | Date/time received in central Clerk's Office | mailing deputy initials |

Document Number

69

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DR. HANSEL M. DeBARTOLO, JR., )
) No. 01 C 8147
      Plaintiff, )
) HONORABLE DAVID H. COAR
v. )
)
PLANO MOLDING CO., THE PLANO )
MOLDING COMPANY HEALTH CARE )
PLAN, THE DIOCESE OF JOLIET, and )
THE DIOCESE OF JOLIET MEDICAL )
PLAN, )
)
      Defendants. )

DOCKETED
JUL 29 2002

## MEMORANDUM OPINION AND ORDER

Dr. Hansel M. DeBartolo, Jr. ("Plaintiff") sued, among other defendants, the Diocese of Joliet and the Diocese of Joliet Medical Plan ("Joliet Defendants") for recovery of benefits pursuant to the Employee Retirement Security Act. On May 22, 2002, this Court entered a Default Order against the Joliet Defendants. On May 30, 2002, the Joliet Defendants[1] filed a motion to vacate the default judgment against them for lack of personal jurisdiction, arguing that there was no personal service on the Diocese of Joliet and/or Joseph L. Imesch, its Bishop. For the reasons stated below, this Court GRANTS the Joliet Defendants' motion to vacate default judgment.

---

[1] Even though the motion to vacate only names Defendant Diocese of Joliet, this Court assumes it also is brought by Defendant Diocese of Joliet Medical Plan since the same attorney represents both defendants and since there was only one purported service of process for both defendants.

-1-

If a defaulted party can show that this Court lacked personal jurisdiction through flawed or nonexistent service of process, this Court is "obliged to dismiss the case because . . . [t]he default judgment is void." Swain v. Molton Co., 73 F.3d 711, 718 (7th Cir. 1996). The following facts are taken from the parties' submissions. On December 10, 2001, Plaintiff filed his Amended Complaint in this action. On December 13, 2001, a Waiver of Service of Summons was sent to Bishop Joseph L. Imesch, who Plaintiff believed to be the Trustee of the Diocese of Joliet Medical Plan. Imesch refused to waive service. On December 13, 2001, a Waiver of Service of Summons was sent to James Lynch, who Plaintiff believed to be the Business Manager of the Diocese of Joliet Medical Plan. Lynch also refused to waive service. On February 7, 2002, Plaintiff's Counsel sent Lynch a letter requesting waiver of service of summons from the Diocese of Joliet. In February 2002, attorney James Byrne called Plaintiff's Counsel, identifying himself as Counsel for the Diocese of Joliet. On February 27, 2002, Byrne sent a letter to Plaintiff's Counsel again identifying himself as Counsel for the Diocese of Joliet and also identifying Lynch as the Business Administrator of the Diocese of Joliet. In the letter, Byrne stated that "regarding the merits of whether or not your client is entitled to compensation for the services rendered the Diocesan employees, *we* are certainly open to discuss that issue." (Emphasis added by Plaintiff). Byrne also asked Plaintiff's Counsel to forward additional information and documentation to him. Plaintiff then attempted to serve summons upon Byrne, leaving a copy of a Complaint with his office secretary.

Federal Rule of Civil Procedure 4(h) states that service upon a domestic corporation is effective if served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive

service of process and, if the agent is one authorized by statute to receive service and the statute so requires...." Plaintiff argues that, in the February 27, 2002 letter, Byrne held himself out as a general agent of the Diocese of Joliet. The Joliet Defendants argue that while Byrne is their attorney, he does not have authority to accept service of Summons for them. Defendants further argue that Plaintiff does not cite any authority for its proposition that Byrne was a general agent for the Joliet Defendants.

The basis for Plaintiff's belief that Byrne was an agent is not clear. By arguing Byrne represented himself to be a general agent, Plaintiff intends to rely on the principal of apparent authority. Whether apparent authority can suffice to show authorization to accept service under Rule 4 is an unsettled question. See Schultz v. Schultz, 436 F.3d 635, 637 (7rth Cir. 1971) (describing as "dubious" the "assumption that such authority may be implied in some situations"); see also Chatman v. Condell Med. Ctr., 2002 WL 737051, at *3 (N.D. Ill. Apr. 22, 2002) (collecting cases). Even if apparent authority suffices, however, it is established when the actions or representations of a principal reasonably lead a third party to believe that an agent is authorized to act on the principal's behalf. Under well settled principles of agency law, apparent authority for which the principal may be liable must be traceable to him and cannot be established by the acts or conduct of the agent. Further, the fact that the Joliet Defendants may have had actual notice of the action does not cure an otherwise defective service. See, e.g., Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987); see also Swain v. Molton Co., 73 F.3d 711, 719 (7th Cir. 1996) (stating that "[v]alid service of process constitutes more than actual notice").

In this case, the Joliet Defendants did not authorize Byrne to receive service of process for them, nor did their actions or representations lead Plaintiff to believe Byrne was their agent

authorized to receive service of process. Further, while Defendants refused to waive service, they did not actively evade service of process. Cf. Swain, 73 F.3d at 719 (affirming district court's denial of the motion to vacate default judgment where the defendant purposefully avoided service by refusing certified mail of the complaint and summons twice, and by mailing back the service papers to the private process server who had left them at a secretary's feet). A plaintiff's obligation to attempt service does not end when a defendant fails to waive service. Rather, the onus is on the plaintiff to effect service in another way, and the defendant could be required to bear the costs of effecting that service. Fed. R. Civ. P. 4(d). Plaintiff knew where Imesch and Lynch resided and could have served them properly rather than simply relying on them to waive service. Thus, this Court vacates its entry of default judgment against Defendants and dismisses this action against them, with each party to bear its own costs.[2]

**Enter:**

_____
**David H. Coar**
**United States District Judge**

**Dated: July 26, 2002**

---

[2] Plaintiff requested that, if this Court vacates its judgment, he be awarded costs pursuant to Fed. R. Civ. P. 4(d). However, that provision is inapplicable in this case because Plaintiff never effected service on the Joliet Defendants.

-4-