Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8147 | **DATE** | September 6, 2002 |
| **CASE TITLE** | DeBartolo v. Plano Molding Co., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' Motions for Summary Judgment

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum and Opinion Order, this Court GRANTS Defendants Plano Molding Co.'s and Benefit Systems and Services, Inc.'s motions for summary judgment [48-1], [49-1] in their entirety; the case is dismissed without prejudice. This action is terminated.

(11) ■ [For further detail see attached memorandum and opinion order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | date docketed | |
| | Notified counsel by telephone. | | | 76 |
| X | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| mds(lc) | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DOCKETED
SEP 1 0 2002

| | |
|---|---|
| DR. HANSEL M. DeBARTOLO, JR., | No. 01 C 8147 |
| Plaintiff, | |
| | HONORABLE DAVID H. COAR |
| v. | |
| PLANO MOLDING CO., et al., | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Dr. Hansel M. DeBartolo, Jr. ("DeBartolo") has brought claims against several defendants, including Plano Molding Company and Plano Molding Company Health Care Plan ("Plano Defendants") and Benefit Systems and Services, Inc.'s ("BSSI"), seeking recovery of benefits pursuant to the Employee Retirement Security Act ("ERISA") and state common law. On May 28, 2002, this Court dismissed DeBartolo's ERISA claims for failure to exhaust administrative remedies. Before this Court are BSSI's and the Plano Defendants' motions for summary judgment on the remaining estoppel and misrepresentation state law claims. For the following reasons, BSSI's and the Plano Defendants' motions for summary judgment are granted.

## I. Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.



R. Civ. P. 56(c); Michael v. St. Joseph County, et. al, 259 F.3d 842, 845 (7th Cir. 2001). A genuine issue of material fact exists for trial when, in viewing the record and all reasonable inferences drawn from it in a light most favorable to the non-movant, a reasonable jury could return a verdict for the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Hedberg v. Indiana Bell Tel. Co., 47 F.3d 928, 931 (7th Cir. 1995).

Because the purpose of summary judgment is to isolate and dispose of factually unsupported claims, the non-movant must respond to the motion with evidence setting forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e); Michael, 259 F.3d at 845; Albiero v. City of Kankakee, 246 F.3d 927, 932 (7th Cir. 2001). To successfully oppose the motion for summary judgment, the non-movant must do more than raise a "metaphysical doubt" as to the material facts, see Wolf v. Northwest Ind. Symphony Soc'y, 250 F.3d 1136, 1141 (7th Cir. 2001) (citation and quotation omitted), and instead must present definite, competent evidence to rebut the motion, see Albiero, 246 F.3d at 932. Rule 56(c) mandates the entry of summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and in which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. A scintilla of evidence in support of the non-movant's position is not sufficient to oppose successfully a summary judgment motion; "there must be evidence on which the jury could reasonably find for the [non-movant]." Anderson, 477 U.S. at 250.

## II. Factual Background

The following facts are from the parties' Local Rule 56.1 Statements of Uncontested Facts, and this Court construes all inferences in favor of DeBartolo. At all relevant times,

Esperanza Gonzales ("Gonzales"), a patient of DeBartolo, was a participant in Plano Molding Company's employee medical benefit plan (the "Plan"). BSSI contracted with Plano Molding Company to act as Claims Administrator for the Plan. The crux of DeBartolo's cause of action is that Gonzales assigned her benefit payments to DeBartolo in consideration of medical services he rendered to her and the defendants subsequently refused to pay him for some of those services. DeBartolo submits that, before he treated Gonzalez, he called the 1-800 number on the back of Gonzalez's insurance card and he received verbal confirmation that she was covered under the Plan and that no pre-certification or pre-approval for medical procedures was necessary. When the Plan refused to pay, DeBartolo requested copies of the Plan and never received a complete copy.[1] DeBartolo contends that the balance he is owed under the Plan for services rendered to Gonzales totals $25,420.00; defendants dispute that amount.

## III. Discussion

This Court dismissed DeBartolo's ERISA claims for failure to exhaust his administrative remedies. The defendants argue that summary judgment should be granted in their favor because the remaining estoppel and misrepresentation state law claims are preempted by ERISA. DeBartolo counters that, because this Court dismissed the ERISA claims, Illinois law applies and not the stricter ERISA standards. This Court agrees with the defendants.

ERISA's preemption clause provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and are not exempt under section 1003(b) of this title." 29 U.S.C. § 1144(a). The United States Supreme Court repeatedly has held that ERISA's preemption clause has a

---

[1] The defendants dispute that DeBartolo requested a copy of the Plan.

"broad scope," an "expansive sweep," "deliberately expansive," and "conspicuous for its breadth." California Div. of Labor Standards Enforcement v. Dillingham Constr., N.A., Inc., 519 U.S. 316, 324 (1997) (citations omitted); see also DeBartolo v. Blue Cross Blue Shield, et al., No. 01 C 5940, 2001 WL 1403012, at * 1 (N.D. Ill. Nov. 8, 2001) (collecting cases). When Congress enacted ERISA, it expected that "a federal common law of rights and obligations under ERISA-regulated plans would develop" for those issues on which ERISA does not speak directly. See Trustmark Life Ins. Co. v. Univ. of Chicago Hosp., 207 F.3d 876 (7th Cir. 2000) (quoting Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 56 (1987)). Thus, the Seventh Circuit has held that state common law can be used only in situations where "it is not inconsistent with congressional policy concerns." Id.

In this case, it is undisputed that DeBartolo's state law claims are based on alleged assignments of benefits that he received from Gonzalez's ERISA plan. DeBartolo's action therefore clearly falls within the scope of Congress' policy concerns. Indeed, DeBartolo raised these same state law claims in a similar case that was also based on ERISA and Judge Kocoras held: "[w]hen brought to recover benefits under a welfare plan, a participant's or beneficiary's-- or their assignee's--state law claims of estoppel and misrepresentation are preempted by ERISA" because such claims fall within ERISA's broad preemptive scope. DeBartolo v. Walmart Stores, Inc., No. 01 C 5940, 2002 WL 338878, at * 2 (N.D. Ill. March 4, 2002) (collecting cases). Accordingly, this Court finds that DeBartolo's estoppel and misrepresentation claims are preempted by ERISA and grants summary judgment in favor of the defendants. Because DeBartolo's ERISA claim was premature (he failed to exhaust his administrative remedies), this case is dismissed without prejudice.

## IV. Conclusion

For the foregoing reasons, this Court GRANTS BSSI's and the Plano Defendants' motions for summary judgment in their entirety. This action is closed.

**Enter:**

_David H. Coar_
David H. Coar
**United States District Judge**

**Dated: September 6, 2002**